IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DMH INGREDIENTS, INC., an Illinois corporation, | ) ) | |
| Plaintiff, | ) ) | No. 08 CV 4804 |
| v. | ) ) | Judge Holderman |
| LATITUDE, LTD., a Delaware corporation, | ) ) | Magistrate Judge Mason |
| Defendant. | ) ) | |

## LATITUDE, LTD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes Defendant Latitude, Ltd. ("Latitude"), by and through its attorneys, Law Offices of David Freydin, Ltd., and for its Answer and Affirmative Defenses to Plaintiff DMH Ingredients, Inc.'s ("DMH") First Amended Complaint ("Complaint"), alleges as follows:

### PARTIES

1. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint, but demands strict proof thereof.

2. Latitude admits the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions requiring no answer thereto.

4. The allegations contained in paragraph 4 of the Complaint constitute legal conclusions requiring no answer thereto.

5. The allegations contained in paragraph 5 of the Complaint constitute legal conclusions requiring no answer thereto.

6.  The allegations contained in paragraph 6 of the Complaint constitute legal conclusions requiring no answer thereto.

## FACTUAL BACKGROUND

7.  Latitude admits the allegations contained in paragraph 7 of the Complaint.

8.  Latitude states that no answer to paragraph 8 of the Complaint is necessary because the attached exhibit speaks for itself.

9.  Latitude states that no answer to paragraph 9 of the Complaint is necessary because the attached exhibit speaks for itself.

10. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint, but demands strict proof thereof.

11. Latitude states that no answer to paragraph 11 of the Complaint is necessary because the attached exhibit speaks for itself.

12. Latitude states that no answer to paragraph 12 of the Complaint is necessary because the attached exhibit speaks for itself.

13. Latitude states that no answer to paragraph 13 of the Complaint is necessary because the attached exhibit speaks for itself.

14. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint, but demands strict proof thereof.

15. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint, but demands strict proof thereof.

16. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint, but demands strict proof thereof.

17. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint, but demands strict proof thereof.

18. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint, but demands strict proof thereof.

19. Latitude states that no answer to paragraph 19 of the Complaint is necessary because the attached exhibit speaks for itself.

20. Latitude states that no answer to paragraph 20 of the Complaint is necessary because the referenced third-party complaint and related motion practice speak for itself.

21. Latitude lacks sufficient information to admit or deny the allegation contained in paragraph 21 of the Complaint regarding whether this case was sent by the Court to mandatory court mediation, but demands strict proof thereof. Further answering, Latitude states that no answer to the remaining allegations contained in paragraph 21 is necessary because the attached exhibit speaks for itself. Further answering Latitude states that no answer to paragraph 21 is necessary to the extent that it calls for a legal conclusion.

22. Latitude states that no answer to paragraph 22 of the Complaint is necessary because the attached exhibit speaks for itself.

23. Latitude denies the allegations contained in paragraph 23 of the Complaint.

24. Latitude lacks sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint, but demands strict proof thereof.

## COUNT I

### BREACH OF CONTRACT

25. Latitude hereby incorporates its answers to paragraphs 1-24 of the Complaint as if fully stated herein.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions requiring no answer thereto.

27. Latitude denies the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint constitute legal conclusions requiring no answer thereto.

29. Latitude denies the allegations contained in paragraph 29 of the Complaint.

30. Latitude lacks sufficient information to admit or deny the allegation contained in paragraph 30 of the Complaint regarding the outcome of the lawsuit filed by Golden Gate Beverages Company, but demands strict proof thereof. Further answering, Latitude denies the remaining allegations contained in paragraph 30.

Wherefore, Latitude asks this Court to enter judgment in its favor and against DMH and that Latitude is awarded its attorney's fees and costs incurred in this matter.

## COUNT II

### BREACH OF EXPRESS WARRANTY

31. Latitude hereby incorporates its answers to paragraphs 1-30 of the Complaint as if fully stated herein.

32. The allegations contained in paragraph 32 of the Complaint constitute legal conclusions requiring no answer thereto.

33. The allegations contained in paragraph 33 of the Complaint constitute legal conclusions requiring no answer thereto.

34. The allegations contained in paragraph 34 of the Complaint constitute legal conclusions requiring no answer thereto.

35. The allegations contained in paragraph 35 of the Complaint constitute legal conclusions requiring no answer thereto.

36. Latitude denies the allegations contained in paragraph 36 of the Complaint.

37. Latitude denies the allegations contained in paragraph 37 of the Complaint.

Wherefore, Latitude asks this Court to enter judgment in its favor and against DMH and that Latitude is awarded its attorney's fees and costs incurred in this matter.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY

38. Latitude hereby incorporates its answers to paragraphs 1-37 of the Complaint as if fully stated herein.

39. The allegations contained in paragraph 39 of the Complaint constitute legal conclusions requiring no answer thereto.

40. The allegations contained in paragraph 40 of the Complaint constitute legal conclusions requiring no answer thereto.

41. The allegations contained in paragraph 41 of the Complaint constitute legal conclusions requiring no answer thereto.

42. Latitude denies the allegations contained in paragraph 42 of the Complaint.

43. Latitude denies the allegations contained in paragraph 43 of the Complaint.

Wherefore, Latitude asks this Court to enter judgment in its favor and against DMH and that Latitude is awarded its attorney's fees and costs incurred in this matter.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

44. Latitude hereby incorporates its answers to paragraphs 1-43 of the Complaint as if fully stated herein.

45. Latitude denies the allegations contained in paragraph 45 of the Complaint.

46. Latitude denies the allegations contained in paragraph 46 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint constitute legal conclusions requiring no answer thereto.

48. Latitude denies the allegations contained in paragraph 48 of the Complaint.

49. Latitude denies the allegations contained in paragraph 49 of the Complaint.

Wherefore, Latitude asks this Court to enter judgment in its favor and against DMH and that Latitude is awarded its attorney's fees and costs incurred in this matter.

## JURY DEMANDED

50. The allegations contained in paragraph 50 of the Complaint constitute legal conclusions requiring no answer thereto.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As separate and additional defenses, Latitude alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint in its entirety fails to state facts sufficient to constitute a cause of action against Latitude.

### SECOND AFFIRMATIVE DEFENSE

2. The alleged nonconformities or defects, to the extent they are deemed to exist, were contributed to or caused by acts or omissions, or intervening or superseding causes, beyond the control of Latitude.

### THIRD AFFIRMATIVE DEFENSE

3. Latitude alleges that DMH had express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards, and therefore knowingly and willingly assumed those risks.

### FOURTH AFFIRMATIVE DEFENSE

4. Latitude alleges on information and belief that DMH's alleged damages, if any, were aggravated by DMH's failure to use reasonable diligence to mitigate them.

### FIFTH AFFIRMATIVE DEFENSE

5. Latitude alleges that DMH consented to the acts complained of in the Complaint, and that said consent was both express and implied.

### SIXTH AFFIRMATIVE DEFENSE

6. Latitude alleges that the damages complained of by DMH, if any, were proximately caused by the negligence, if any, of persons, firms, corporations or entities other than Latitude, and that said negligence comparatively reduces the percentage of any

negligence of Latitude, if it should be found that it was negligence, which it expressly denies.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Latitude alleges that at all times relevant hereto, DMH failed to provide any notice of an alleged breach of warranty, or if it did provide notice, that said notice was untimely. Accordingly, Latitude was not given an opportunity to cure any alleged defect.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Latitude alleges that any damage, if any exists, is due to alteration of product before it was in the possession of Latitude or after it left the possession of Latitude.

### NINTH AFFIRMATIVE DEFENSE

9.  The Complaint, in whole or in part, is barred by the doctrine of estoppel, laches and/or waiver.

### TENTH AFFIRMATIVE DEFENSE

10. The alleged nonconformity, defect or condition did not substantially impair the use or value of the product in question.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint is barred by the doctrine of unclean hands.

### TWELTH AFFIRMATIVE DEFENSE

12. The Complaint is barred by the applicable statute of limitations.

Respectfully submitted,<br>
LATITUDE, LTD.<br><br>
BY: _Matthews_____<br>
One of its Attorneys

Matthew B. Rosenthal ARDC: 6279384
Julie DeJong ARDC: 6292681
Law Offices of David Freydin, Ltd.
4433 W. Touhy Ave., Suite 405
Lincolnwood, Illinois 60712
Tel: 847 972-6157
Fax: 866 575-3765