UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DMH INGREDIENTS, INC., an Illinois corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 08 CV 4804 |
| LATITUDE, LTD., a Delaware corporation, ) ) ) | Judge Holderman |
| ) | Magistrate Judge Mason |
| Defendant. ) | |

*MOTION TO STRIKE LATITUDE, LTD.'S*
*AFFIRMATIVE DEFENSES NUMBERS ONE THROUGH TWELVE*

DMH INGREDIENTS, INC. ("DMH") by and through its attorneys Daniel S. Kaplan and Marcia G. Cotler of Kaplan & Greenswag LLC, pursuant to Fed R Civ P 12(f), hereby brings this Motion To Strike Defendant Latitude, Ltd.'s ("Latitude's") Affirmative Defenses Numbers 1 through 12 in their entirety, and in support thereof states as follows:

**INTRODUCTION**

Latitude has asserted twelve affirmative defenses in response to DMH's Amended Complaint. Latitude's affirmative defenses are improper because they a) plead conclussory statements without alleging requisite factual allegations respecting the material elements of the claims asserted, b) assert defenses which neither avoid the legal effect of or defeat DMH's claims, and c) fail to specify to which count each of the alleged defenses relates. For all of these reasons, the affirmative defenses ought to be stricken.

**DISCUSSION**

"This district has followed a three-part test in examining affirmative defenses subject to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense, (2) the matter must be adequately pleaded under the requirement of the Federal Rules of Civil Procedure 8 and 9, and (3) the matter must withstand a Rule 12(b)(6) challenge." *Renals v. S.R.G. Restaurant Group et al*, 119 F. Supp. 2d 800, 802 (N.D. Ill 2000). This Court in *Renals* further stated that "affirmative defenses must set forth a 'short and plain statement'. However, even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, an allegation must include direct or inferential allegations respecting all material elements of the claim asserted. Bare legal conclusions attached to narrated facts will not suffice." *Id*. citing *Heller Fin., Inc. v. Midwhey Powder Co*., 883 F.2d, 1286, 1294 (7th Cir. 1989)(granting motion to strike affirmative defenses in which defendant omitted statement of facts and failed to allege necessary elements of claims.)

Latitude's first affirmative defense fails to allege any facts in support of its assertion that the Amended Complaint fails to constitute a cause of action. The one sentence bare bones defense reads as follows:

> **FIRST AFFIRMATIVE DEFENSE**
> The complaint in its entirety fails to state facts sufficient to constitute a cause of action against Latitude.

"Bare bones legal conclusions are not sufficient to survive a motion to strike." *Yas Raj Films Inc. v. Atlantic Video, et al*. 2004 U.S. Dist. Lexis 9739, 58 Fed. Reserve Serv. 3d 864 (N.D. Ill 2004). In *Yas Raj Films*, the Court struck defendant's affirmative defense of "failed to state a claim" finding that defendant has merely alleged a "boilerplate legal conclusion lacking specific reasons why [plaintiff] failed to state a claim." *Id*. at 8. Similarly, a "failure-to-state-a-

claim defense" has been stricken when the "defense fails to state infirmities in the complaint". See *Renals at 803,* citing *Codest ENG'g v. Hyatt Int'l Corp*., 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). Latitude's first affirmative defense lacks any factual allegations as to any alleged infirmities in DMH's Amended Complaint and consequently the defense should be stricken.

Latitude's Second Affirmative Defense, like its first, lacks factual support. Latitude's Second Defense reads as follows:

> **SECOND AFFIRMATIVE DEFENSE**
> The alleged nonconformities or defects, to the extent they are deemed to exist, were contributed to or caused by acts or omissions, or intervening or superseding causes beyond the control of latitude.

There are no facts alleged by Latitude to support its contention that non-conformities to the purported ascorbic acid sold by Latitude to DMH was caused by any "intervening or superseding" causes. Latitude's Second Affirmative Defense must be stricken as insufficiently pled.

Latitude's Third Affirmative Defense alleges as follows:

> **THIRD AFFIRMATIVE DEFENSE**
> Latitude alleges that DMH had express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards, and therefore knowingly and willingly assumed those risks.

Latitude has asserted the "assumption of risk" defense as a bare bones defense without asserting any facts to substantiate such a defense. Latitude fails to assert any factual support for its contention that DMH had knowledge, express or otherwise, that the product sold by Latitude to DMH was anything but ascorbic acid as it was certified by Latitude to be. Accordingly, the Third Affirmative Defense ought to be stricken as insufficiently pled.

Latitude's Fourth Affirmative Defense states as follows:

**FOURTH AFFIRMATIVE DEFENSE**
Latitude alleges on information and belief that DMH's alleged damages, if any, were aggravated by DMH's failure to use reasonable diligence to mitigate them.

Latitude asserts no facts to support its blanket defense of failure to mitigate. In fact, in paragraphs 14-16 of DMH's Amended Complaint, DMH alleges that it first learned of the substituted product only after the damage by the end purchaser had already been sustained, and that upon confirming the true identity of the product, DMH promptly notified Latitude. In its Answer to paragraphs 14-16 of the Amended Complaint, Latitude states that it lacks sufficient information to either admit or deny DMH's allegations. Accordingly, Latitude cannot in good faith blindly assert that DMH failed to take actions to mitigate its damages. Accordingly, Latitude's Fourth Affirmative Defense should be stricken.

For its Fifth Affirmative Defense, Latitude states as follows:

**FIFTH AFFIRMATIVE DEFENSE**
DMH consented to the acts complained of in the Complaint, and that said consent was both express and implied.

Latitude offers no evidentiary support for its assertion that DMH "consented" either expressly or impliedly to any acts complained of in the Amended Complaint, nor does Latitude state specifically which of the many acts alleged in the Amended Complaint DMH may have "consented". Latitude further fails to state as to which claim this purported defense is directed to avoid. Latitude's Fifth Affirmative Defense is not a defense which would serve to defeat any of DMH's claims, and accordingly, the Fifth Affirmative Defense should be stricken as improper.

Latitude's Sixth Affirmative Defense alleges that:

**SIXTH AFFIRMATIVE DEFENSE**
The damages complained of by DMH, if any were proximately caused by the negligence, if any, of persons, firms, corporations or entities other than Latitude, and that said negligence comparatively reduces the percentage of any negligence

of Latitude, if it should be found that it was negligence, which it expressly denies.

Latitude alleges no evidentiary support for the contention that the damages complained of were proximately caused by any third party. Moreover, DMH's complaint does not allege a cause of action for negligence such that any alleged contributory conduct by a third party would serve to diminish or defeat any of the causes of action alleged by DMH against Latitude. This Court in *Yah Raj Films* held that an affirmative defense that asserts "apportionment of fault" is both a denial and a claim that others are responsible, and does not qualify as a proper affirmative defense. *Id. at 10*. This Court went on to state that "intentional conduct, operates to reduce liability on a comparative fault basis or operates as a denial of liability altogether, and as such does not qualify as an affirmative defense." *Id.* In striking the apportionment of fault defense the Court stated that "matters that clearly are not affirmative defenses should be stricken." *Id*. Accordingly, Latitude's Sixth Affirmative Defense should likewise be stricken because it is not a proper defense.

For its Seventh Affirmative Defenses, Latitude alleges:

**SEVENTH AFFIRMATIVE DEFENSE**
At all times relevant hereto, DMH failed to provide any notice of an alleged breach of warranty, or if it did provide notice, that said notice was untimely. Accordingly, Latitude was not given any opportunity to cure any alleged defect.

Latitude's Seventh Affirmative Defense is not only asserted without any factual support, but is contrary to the allegations of the Amended Complaint in which DMH alleges that it provided prompt notice to Latitude and in which Latitude replied in its Answer that it lacked knowledge to either admit or deny that said notice was received. Specifically, DMH alleges in Paragraph 16 of its Amended Complaint that upon first learning that the purported ascorbic acid "DMH promptly contacted LATITUDE to notify it of the alleged problem with Lot 4042059." Latitude answered Paragraph 16 by pleading that it "lacks sufficient information to admit or

5

deny." Latitude cannot thereafter affirmatively assert lack of notice as an Affirmative Defense. Accordingly, Latitude's Seventh Affirmative Defense should be stricken.

Latitude's Eighth Affirmative Defense asserts as follows:

**EIGHTH AFFIRMATIVE DEFENSE**
Latitude alleges that any damage, if any exists, is due to alteration of product before it was in the possession of Latitude or after it left the possession of Latitude.

Latitude asserts no facts whatsoever to support its assertion that there was any alteration to the product in question either before or after it left Latitude's possession. Moreover, Latitude's Eighth Affirmative Defense is redundant of Latitude's insufficient Second Affirmative Defense which is likewise unsupported and alleges blindly that alleged non-conformities were due to "intervening or superseding" events. Latitude's Eight Affirmative Defense should be stricken.

For its Ninth Affirmative Defense, Latitude states as follows:

**NINTH AFFIRMATIVE DEFENSE**
The complaint, in whole or in part, is barred by the doctrine of estoppel, laches, and/or waiver.

It has been held that the defenses of "waiver, estoppel, laches and unclean hands, respectively, are equitable defenses that must be pled with specific elements required to establish the defense." *Yash Rag Films at 9* citing *Fluor Corp. v. Ill Power Co.*, 326 F.2d 374, 3770378 (7th Cir. 1964). "These defenses require at least some direct inferential allegations as to each element of the defense asserted." *Id*. at 9, citing *Builder's Bank*, 2004 U.S. Dist. Lexis 5016, 2004 WL 626927 at 5. Latitude pleads no allegations to support any bar to the Amended Complaint due to the doctrines of estoppel, laches and/or waiver. Merely "stringing together a list of legal defenses is not sufficient to satisfy Rule 8(a)." *Id.* Accordingly, Latitude's Ninth Affirmative Defense must be stricken.

Latitude's Tenth Affirmative Defense states as follows:

**TENTH AFFIRMATIVE DEFENSE**
The alleged nonconformity, defect or condition did not substantially impair the use or value of the product in question.

Latitude's Tenth Affirmative Defense is asserted without any factual allegations in support thereof. Moreover, even were it properly pled, which it is not, such defense is not proper because it goes toward diminishing the measure of damages while neither avoiding nor defeating DMH's claims. Accordingly, Latitude's Tenth Affirmative Defense ought to be stricken as an improper defense.

Latitude's Eleventh Affirmative Defenses states as follows:

**ELEVENTH AFFIRMATIVE DEFENSE**
The Complaint is barred by the doctrine of clean hands.

As discussed above with regard to Latitude's ninth affirmative defense, the defense of unclean hands is an equitable defense that must be pled with specific elements. Latitude has merely set forth the defense as a bare bones legal conclusion and as such, the Eleventh Affirmative Defense must be stricken.

Latitude's Twelfth Affirmative Defenses asserts a bar by way of the statute of limitations. This last defense must also be stricken because it fails to state upon which statute of limitations period it relies and how any facts of this case relate to any such statute of limitations. The twelfth affirmative defense states merely a legal conclusion as follows:

**TWELFTH AFFIRMATIVE DEFENSE**
The Complaint is barred by the applicable statute of limitations.

In the case of *Yash Raj Films*, infra, this Court struck an affirmative defense "relating generically to statute of limitation issues" because it "fails to the state the statute of limitations period relied on or any other information regarding how the statute of limitations bars the

claims." *Id*. at 8. Accordingly, Latitude's Twelfth Affirmative Defense asserting bar due to Statute of Limitations ought to be stricken as improperly pled.

    WHEREFORE, for all the foregoing reasons, DMH Ingredients, Inc. hereby moves this Court to strike with prejudice Latitude, Ltd.'s Affirmative Defenses 1-12 in their entirety.

Dated: January 20, 2009                        Respectfully submitted,

                                                    DMH Ingredients, Inc.

                                                    By: /s/Daniel S. Kaplan
                                                         One of its attorneys

Daniel S. Kaplan (ARDC No. 6204533)
dkaplan@kaplangreenswag.com
Marcia G. Cotler (ARDC No. 6201178)
mcotler@kaplangreenswag.com
Kaplan & Greenswag LLC
181 Waukegan Road Suite 205
Northfield, IL 60093
Ph:  (847) 501-5300
Fax: (847) 501-5325